## Davis vs. Davis, *et al.*—June, 1826.

It is the province of the court to determine all questions of law arising before them; and of the jury to find all matters of fact, when evidence legally sufficient for that purpose is submitted to their consideration; but this legal sufficiency is a question of law, of which the court are the exclusive judges.

Whenever testimony is so light and inconclusive that no rational mind can infer from it the fact which it is offered to establish, it is the duty of the court, when applied to for that purpose, to instruct the jury, that there is no evidence before them to warrant their finding the fact so attempted to be proved.

APPEAL from *Cecil* County Court. *Assumpsit* for money had and received, brought by the appellees against the appellant.

The cause, which is fully stated by the judge who delivered the opinion of this court, was argued before BUCHANAN, Ch. J. and MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Chambers*, for the Appellant, contended—1. That the action for money had and received would not lie on the facts disclosed in the record—Because those facts shew a special contract, which should have been declared upon; because also the goods alleged to have been sold were not exclusively the goods of the plaintiffs below; and because no *money* was proved to have been received by the defendant. 2. The evidence was not the best that could be offered to prove the quantum of damages, and was not sufficient to direct the jury to a rational or sensible conclusion as to the amount claimed. 3. That the sale of the growing crop was as much within the statute of frauds as the sale of land, and it not being in writing in this case, it was void. He cited *Briston vs. Waddington, 5 Bos. & Pull.* 355. 2 *Phill. Evid.* 83, *(* and *note.)* *Towers vs. Barrett*, 1 *T. R.* 133. *Raymond vs. Bearnard, 12 Johns. Rep.* 274. *Jennings vs. Camp*, 13 *Johns. Rep.* 94. *Clark vs. Smith*, 14 *Johns. Rep.* 326. *Crosby vs. Wadsworth, 6 East,* 602, 609, 610, and *Emmerson vs. Heelis*, 2 *Taunt.* 38.

*Gale* and *Carmichael*, for the Appellees, cited *Parker vs. Fassitt*, 1 *Harr. & Johns.* 339. *Stennel vs. Hogg*, 1 *Saund* 228, *(note* 1.*)* The acts of 1763, *ch.* 23, *s.* 2; and 1809, *ch.* 153, *s.* 12. *Coursey vs. Covington*, 5 *Harr. & Johns.* 45. *Mercer vs. Walmsley, Ibid* 27. *Longchamp vs. Kenny*, 1 *Dougl.* 132; and 1 *Phill. Evid* 111.

DORSEY, J. delivered the opinion of the court. The appellees, by *Richard Davis*, their guardian, instituted in *Cecil* county court an action for money had and received; and upon *non assumpsit* pleaded, the plaintiffs at the trial called *William Hackett*, by whom they proved that he was the crier of the vendue on or about the 18th of February 1819, at the sale of the real estate of *John Davis*, deceased, by *Jeremiah Cosden*, the trustee, at which time the defendant became the highest bidder and purchaser; that at the time of the sale he notified the persons present, that they purchased subject to these

terms: *First.* That the tenant should continue on the farm to the end of his lease, which would expire on the first of January then next. *Secondly.* That as much wheat was to be returned to *Richard Davis* as he had furnished for seed wheat the fall before, (the quantity of which was not mentioned). And *Thirdly.* That the heirs of *John Davis* (who are the plaintiffs in the cause,) should be entitled to a proportion of the rent, which was said to be a grain rent, to be calculated from the fall of 1818, when the wheat was seeded, to the day of sale. The plaintiffs then called *Cornelius C. Money,* by whom they proved that he was tenant on the farm at the time of the sale to the defendant; that *Richard Davis,* and himself, had found two hundred and nineteen and a half bushels of wheat. That the witness, in the summer of 1819, cut, gathered, and secured the crop of wheat, and delivered, by defendant's direction, to *Richard Davis,* one hundred and nine bushels and three pecks of wheat, and retained the same quantity for himself for seed wheat found in 1818. That he seeded one hundred and eighty-seven and a half bushels of the balance of the crop on the farm, in the fall of 1819, by defendant's instruction, and divided the residue between the defendant and himself. That he afterwards, at different periods, from September to the last of December 1819, carried the share delivered to the defendant, by his order, to *William F. Corbett,* of *Apoquinimink,* with whom he left it by defendant's order. That he sold part of his own wheat to said *Corbett* at different times, and saw other persons deliver wheat to him. The plaintiff then called *George Ford,* by whom he proved that *William F. Corbett* was a merchant and wheat buyer in *Apoquinimink* in 1809, when the witness resided with him, and that he has continued in the same business from that time until about two years past.

The defendant then moved the court to instruct the jury, that the evidence offered was not sufficient to maintain the plaintiff's case. Which instruction being refused, the defendant excepted, and now calls on this tribunal to revise and reverse the opinion thus given by the court below.

It is the peculiar province of the court to determine all questions of law arising before them; and the undoubted right of the jury to find all matters of fact, when evidence legally suf-

ficient for that purpose is submitted to their consideration. And this legal sufficiency is a question of law, of which the court are the exclusive judges. Wherever the testimony, adduced by a plaintiff, is so light and inconclusive, that no rational well constructed mind, can infer from it the fact which it is offered to establish, it is the duty of the court, when applied to for that purpose, to instruct the jury that there is no evidence before them to warrant their finding the fact thus attempted to be proved. Such is the doctrine sanctioned by long practice and judicial determinations, as well in this state as *Great Britain*; and the expediency and wisdom of the principle is too obvious to be questioned.

The form of the prayer, in itself, not authorising its rejection by the court, can their decision be supported by the proof in the cause? Unquestionably not. 'Tis true the auctioneer states it was "said to be a grain rent." But whether it be a rent payable in wheat, rye, oats, Indian corn or barley, does not appear; nor can it be collected from the proof in the case, whether it be of one bushel or one thousand bushels of grain. Suppose, however, these difficulties obviated, and it were proved that the rent was of wheat, and the quantity stipulated in the contract of demise—Is there a particle of testimony to shew the quantity delivered; whether it be five bushels or five hundred bushels? Whether the price at which it sold be 25 cents or two dollars per bushel? Or indeed that there ever was one bushel of wheat delivered by the tenant to the appellant as rent reserved to the appellees by the terms of sale. In the absence of proof on all these important particulars, upon what basis can the verdict of the jury be predicated? Certainly not upon any evidence appearing in the record. The court below, therefore, erred in refusing to give the instruction prayed by the appellant.

The judgment is therefore reversed, and a *procedendo* ordered.

**JUDGMENT REVERSED, &c.**